UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DEBBY GENTHNER, | CASE NO. 1:17-cv-01173-AWI-MJS |
|---|---|
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE AND WITHOUT LEAVE TO AMEND** |
| v. | |
| ROBERT HENDRICK, et al., | **(ECF NO. 1)** |
| Defendants. | **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is proceeding pro se and in forma pauperis in this action brought pursuant to 42 U.S.C. § 1983 and various provisions of state law. Her complaint is before the Court for screening.

**I.    Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . .

the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    Plaintiff's Allegations

Plaintiff names as defendants several law enforcement officers, the Fresno Police Department, the City of Fresno, and numerous other individuals. Her allegations may be summarized essentially as follows:

On September 3, 2016, Plaintiff was raped. She went to the hospital where her claim of rape may not have been believed. The police delayed in coming to the hospital.

Officers eventually arrived and drove Plaintiff to the Family Healing Center in the back of a police car. The officers spoke to staff at the Center outside of Plaintiff's presence.

A rape kit was performed. The rape kit did not include blood and hair samples because officers told staff not to collect such samples. The staff was not compassionate.

Plaintiff thereafter had difficulty getting information from the police department. The rape kit was not timely sent to the crime lab for testing. The kit ultimately revealed no semen and no drugs.

Plaintiff continues to be drugged and raped on a regular basis. She is being stalked and her home is broken into. Her home, phone, and computers are being monitored. She believes the rapes are being committed by someone named Robert Hedrick and unknown Does.

Plaintiff adds a hodgepodge of unrelated other claims. She alleges conspiracy by a variety of doctors who treated her for various medical complaints over many years. She claims a loss of $150 because a bank employee changed an address on a bank account. She complains that she was denied a specific phone plan by individuals working for a particular carrier who did not return her voicemails. The password for her online Avon account was changed without her knowledge and without explanation. She has had difficulties installing a new hard drive in her computer. Lawyers have failed to return her calls. Hair dressers have given her bad haircuts for at least three years. She believes all of these acts and others constitute sabotage by the Fresno Police Department. The complaint goes on in this vein at length.

**IV. Analysis**

    **A.    Lack of Jurisdiction**

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress. Generally, such cases involve diversity of citizenship or a federal question, or cases in which the United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir. 1988).

### 1. Diversity Jurisdiction

28 U.S.C. § 1332(a)(1) grants federal district courts original jurisdiction over civil actions between "citizens of different States" where the amount in controversy exceeds $75,000. To show state citizenship for the purposes of the statute, a party must be a citizen of the United States and be domiciled in the state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, Plaintiff is a resident of California and is suing numerous individuals, all of whom appear to be domiciled in California. There are no facts to suggest any party is domiciled in another state, and thus there are no facts to suggest diversity of citizenship.

Based on the foregoing the Court lacks diversity jurisdiction over Plaintiff's claims.

### 2. Federal Question Jurisdiction

Under federal question jurisdiction, district courts are authorized to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A civil action can "arise under" federal law in two ways. Gunn v. Minton, -- U.S. --, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013). Most directly, "a case arises under federal law when federal law creates the cause of action asserted." Id. If, however, a claim finds its origins in state rather than federal law, federal jurisdiction will lie only "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Id.; see also Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

With the exception of Plaintiff's claimed civil rights violations, Plaintiff's claims arise, if at all, under state law. This includes her intended claims under Marsy's Law, the California Victims Bill of Rights, and the California Constitution, as well as what appear to be claims for medical negligence and assault. The Court does not have jurisdiction over these claims absent a federal claim arising out of the same case or controversy. 28 U.S.C. § 1367(a). As explained below, no such claim is presented here.

## B. Civil Rights Violations

### 1. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

### 2. Private individuals

The majority of Plaintiff's claims are alleged against private actors, and the Court discerns no basis to conclude these individuals were acting under the color of state law. Plaintiff's claim that the Fresno Police Department conspired with a banker representative, telephone company, Avon, hairdressers, etc., to violate Plaintiff's right to privacy is so implausible, outlandish, and far-fetched as not to be believed. This allegation cannot support a claim, even at the pleading stage. See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989) (judges have the authority to "pierce the veil of the complaint's factual allegations" and dismiss claims "describing fantastic or delusional scenarios"). Claims against private individuals should be dismissed.

Of course, the County of Fresno, the Fresno Police Department, and individual police officers are state actors under § 1983. Plaintiffs' claims against these defendants are discussed below.

### 3. State actors

Plaintiff's primary claim appears to be that the police failed to thoroughly, compassionately, and timely investigate her claim of rape. She alleges that this failure resulted in further and ongoing harm.

#### a. Failure to Protect

In general, "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Soc. Serv., 489 U.S. 189, 197 (1989). This is because

> nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without "due process of law," but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.

Id. at 195.

Despite this general rule, liability may be imposed where official state action affirmatively placed an individual in danger, and officials are deliberately indifferent to that danger. Kennedy v. City of Ridgefield, 439 F.3d 1055, 1061-62. (2006). This is referred to as the "state-created danger doctrine." Pauluk v. Savage, 836 F.3d 1117, 1122 (9th Cir. 2016). To establish a state-created danger, a plaintiff must show that the defendant engaged in affirmative conduct that placed the plaintiff in a "worse position than that in which he would have been had [the state] not acted at all." Johnson v. City of Seattle, 474 F.3d 634, 641 (2007) (quoting DeShaney, 489 U.S. at 201); accord Kennedy, 439 F.3d at 1063. Additionally, the resulting harm must have been foreseeable. See Lawrence v. United States, 340 F.3d 952, 957 (2003). Finally, the state actor must have acted with "deliberate indifference" to a "known or obvious danger." Patel v. Kent School District, 648 F.3d 965, 974 (2011) (quoting L.W. v. Grubbs (Grubbs

II), 92 F.3d 894, 900 (9th Cir.1996)).

Plaintiff's allegations do not meet these requirements. The danger Plaintiff alleges was already present prior to her contact with law enforcement and thus was not state-created. Furthermore, the facts alleged do not suggest that the harm was foreseeable, known, or obvious. These defects do not appear capable of cure through amendment.

### b. Victims' Bill of Rights

Plaintiff appears to claim that her due process rights were violated because her rape kit was not timely submitted to the crime lab pursuant to California Penal Code § 680, the Sexual Assault Victims' DNA Bill of Rights. That statute provides that a law enforcement agency "should . . . submit sexual assault evidence to the crime lab within 20 days after it is booked into evidence." Cal. Penal Code § 680(7)(A).

The language of the Victims' Bill of Rights is not mandatory. It is, at best, aspirational. It does not suggest that Plaintiff is entitled to the have her rape kit sent to the crime lab within twenty days. See Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 763 (2005) (citation omitted) ("Nor can someone be safely deemed 'entitled' to something when the identity of the alleged entitlement is vague."). It therefore is not the type of language that suggests the creation of a due process right. See id.

Even if a due process right could be implied from this statute, the facts alleged by Plaintiff are insufficient to allege a violation and, in any event, do not suggest she was harmed by the delay. Plaintiff's rape kit was collected on September 4, 2016. The complaint does not state when the kit was booked into evidence. It therefore is unclear whether the submission to the crime lab on September 29, 2016 was timely. Finally, analysis of the kit allegedly did not reveal DNA evidence that would assist in the investigation of Plaintiff's allegations. There is nothing before the Court to suggest that the result would have been different had the kit been sent five days sooner.

### C. Leave to Amend

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

Plaintiff's only federal claim in this action is that Defendants did not timely investigate her alleged rape. The Court can envision no facts that would confer jurisdiction on this Court in the circumstances of this case. Leave to amend would be futile and should be denied.

**V. Conclusion and Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's complaint (ECF No. 1) be dismissed with prejudice and without further leave to amend for failure to state a claim upon which relief may be granted.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: September 11, 2017    /s/  *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE

8